IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| CONEX HOLDINGS, LLC, *et al.*, | : | Bankr. Case No. 11-10501-CSS |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| CHARLES A. STANZIALE, JR., Chapter 7 Trustee | : | |
| of Conex International, LLC, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. No. 14-cv-179-LPS |
| | : | Adv. Pro. No. 12-51132-CSS |
| CAR-BER TESTING, INC., | : | |
| | : | |
| Appellee. | : | |

## **MEMORANDUM**

Presently before the Court is Chapter 7 Trustee Charles A. Stanziale, Jr.'s (the "Appellant") motion to certify (D.I. 6) ("Certification Motion") this appeal (D.I. 1) directly to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).

1. Background.[1] On February 24, 2011, Conex Holdings, LLC and affiliated entities (collectively the "Debtors"), consented to the entry of orders for relief under chapter 7 of the Bankruptcy Code. (Bankr. Case No. 11-10501-CSS) That same day, the Office of the United States Trustee appointed Appellant as Chapter 7 Trustee for Debtors' case. Prior to bankruptcy, Debtors operated a general mechanical contracting and industrial services firm based in Beaumont, Texas. (D.I. 6 at 6) Debtors provided various services to oil refineries in Texas. (*Id.*) Motiva Enterprises, LLC ("Motiva") had contracted with Debtors to complete a capital improvement project at its oil refinery. (*Id.* at 7) On this project, Debtors hired Car-Ber Testing,

---

[1] Because the Court writes primarily for the benefit of the parties, the Court presumes familiarity with the pertinent background facts.

Inc. (the "Appellee") as a subcontractor. (*Id.*) Under the terms of a Master Service Agreement, Motiva retained the right to offset and withhold any amounts due and owing to Debtors in order to satisfy any lien Debtors' subcontractors asserted against Motiva's refineries. (*Id.*) As the project progressed, Debtors failed to pay Appellee for certain prepetition services, prompting Appellee to file a mechanic's lien against Motiva's property. (*Id.* at 8) After Debtors filed bankruptcy, Motiva and Appellant reached an agreement whereby Motiva set-off $563,173.67 against amounts due to Debtors' estate, which were in turn used to satisfy various subcontractors' mechanic's liens. (*Id.*) Of this amount, $126,192.44 was allocated to satisfy Appellee's mechanic's lien (the "Motiva Settlement Payment"). (*Id.*)

2. On December 5, 2012, Appellee filed an adversary proceeding (Adv. Pro. No. 12-51132-CSS), pursuant to 11 U.S.C. §§ 547 and 550, to recover Debtors' prepetition payments to Appellee that occurred within the 90 days preceding the petition date. Appellee moved for summary judgment, arguing that it advanced "new value" to Debtors following the preferential payments, which reduced its liability for those preference payments under 11 U.S.C. § 547(c)(4). Appellant countered that this "new value" defense should not apply because Appellee had been paid post-petition for that value through the Motiva Settlement Payment.

3. The Bankruptcy Court issued an Order granting Appellee's motion on December 27, 2013, relying principally on *In re Friedman's, Inc.*, 738 F.3d 547 (3d Cir. 2013). (D.I. 1-1) Appellant appealed from that Order and filed the present Certification Motion. (D.I. 6)

4. <u>Parties' Contentions</u>. Appellant argues that this case merits direct appeal to the Third Circuit because: (1) it presents a question of law of public importance, (2) there are conflicting decisions on the issue, and (3) direct appeal will materially advance this case. (D.I. 6 at 11, 14, 15) Appellant's underlying argument is that *Friedman's* recognized an exception to its

own rule that is logically analogous to this case. (*Id.* at 5) Appellee, without argument, joins Appellant's Certification Motion solely on the basis that a direct appeal will materially advance the progress of this case. (D.I. 7 at 1) Appellee does not agree with the merits of Appellant's Certification Motion that *Friedman's* is either unclear or raises an undecided question of law. (*Id.* at 2) Because the parties failed to comply in a timely manner with the procedural requirements that would have obligated the Court to certify an appeal to the Court of Appeals, the Court must evaluate the motion for itself.[2]

5. <u>Legal Standards</u>. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2)(A), which provides:

> (2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of [§ 158] subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

---

[2] Although both Appellant and Appellee joined in the request, arguably establishing a "request made by a majority of the appellants and a majority of appellees," the Court cannot grant the certification on this basis. 28 U.S.C. § 158(d)(2)(B)(ii). "A joint certification by all the appellants and appellees under 28 U.S.C. § 158(d)(2)(A) must be made by using the appropriate Official Form." Fed. R. Bankr. P. 8006(c); *see* Official Bankr. Form 24. The record lacks this requisite joint certification. Nor does the Court have discretion to permit the parties now to file the joint certification, as it would be untimely. *See* Fed. R. Bankr. P. 8006(f)(1) ("[A] request by a majority of the appellants and a majority of the appellees[ ]must be filed with the clerk of the court where the matter is pending within 60 days after the entry of the judgment, order, or decree.").

3

>   (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
>   (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
>  and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d).

4. <u>Discussion</u>. After considering Appellant's arguments, the underlying Bankruptcy Court Order, and the applicable precedent, the Court concludes that this case does not present circumstances that warrant direct certification to the Third Circuit.

5. <u>No Controlling Authority or Matter of Public Importance</u>. Appellant first argues that there is "no controlling authority on whether the exception articulated by the Third Circuit in its *Friedman's* decision also applies to the facts present in the appeal." (D.I. 6 at 11) Under the Bankruptcy Code, a trustee may avoid certain transfers that the debtor made within the 90 days preceding the bankruptcy filing. *See* 11 U.S.C. § 547(b). One defense a creditor can raise to a trustee's preference action is the so-called "new value" defense:

>  (c) The trustee may not avoid under this section a transfer—
>
>   (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
>     (A) not secured by an otherwise unavoidable security interest; and
>
>     (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor . . . .

11 U.S.C. § 547(c). Section 547(c)(4)(B), however, limits the creditor's "new value" if the debtor subsequently paid for that value. *See id.* In *Friedman's*, the Third Circuit addressed

4

whether or not an "otherwise unavoidable transfer" under 547(c)(4)(B) could include post-petition payments. *In re Friedman's, Inc.*, 738 F.3d at 549. The Court found that it did not, effectively establishing the bankruptcy filing date as the cut-off for calculating a creditor's available "new value" defense under § 547(c)(4). *See id.*

6. The Court recognized one exception to that rule, which is not at issue here. *See id.* at 562 (explaining that trustee's assumption of executory contract under § 365 precludes preference action); *see also* D.I. 6, at 1. In a footnote that this Court views as dictum,[3] the Third Circuit also noted that goods sold subject to an asserted right of reclamation may deserve a second exception to this rule, but declined to resolve that question. *See id.* at 561 n.9 (noting agreement with *In re Phoenix Rest. Grp., Inc.*, 373 B.R. 541 (Bankr. M.D. Tenn. 2007)). Appellant suggests that this second potential exception should apply here because the "new value" Appellee provided to Debtors was secured with a lien against Motiva (and ultimately paid for with receivables owed to Debtors' estate), which is analogous to a creditor providing goods subject to a right of reclamation and claiming that they constitute "new value." (D.I. 6 at 3) In both scenarios, Appellant asserts, the creditor fails to truly provide "new value" because it has the ability to recover that value back from the bankruptcy estate. (*Id.*)

7. Appellant argues that *Friedman's* does not necessarily control the present facts because the Third Circuit arguably could extend the second exception to apply to situations that are logically similar to providing goods subject to a right of reclamation. (*Id.*) The Court disagrees. Appellant is not arguing the absence of controlling law; rather, he is arguing the

---

[3] The Court stated that "[it] need not resolve the question of whether assertion of a reclamation claim should reduce a new value defense . . . ." *In re Friedman's Inc.*, 738 F.3d at 561 n.9. If a determination is not necessary to the ultimate holding, it is dictum. *See id.* at 552.

5

absence of a decision that adopts his position. A "controlling decision" of the Third Circuit for the purposes of § 158(d)(2)(A)(i) is one that admits of no ambiguity in resolving the issue. *In re Goody's Family Clothing, Inc.*, 2009 WL 2355705, at *2 (D. Del. July 30, 2009); *see also In re Fisker Auto. Holdings, Inc.*, 2014 WL 576370, at *3 (D. Del. Feb. 12, 2014). The law in *Friedman's* squarely applies to this case. Even if the footnote in *Friedman's* constituted the precedential portion of that opinion, the facts of this case do not fit within the right-to-reclamation exception. *See In re Friedman's, Inc.*, 738 F.3d at 549. The *Friedman's* ruling is not ambiguous merely because the Third Circuit in that case did not address the present facts. *See In re Goody's Family Clothing, Inc.*, 2009 WL 2355705, at *2.

8. Appellant next argues that this issue raises a matter of public importance because it involves a potential defense that could affect at least sixteen other preference actions in this case. (D.I. 6 at 16) The fact that an appeal will affect other parties to Debtors' bankruptcy does not establish an issue of public importance. *See In re Goody's Family Clothing, Inc.*, 2009 WL 2355705, at *2 (holding that appeal affecting only parties in the case is not matter of public importance). Appellant's theory is dependent on the specific facts of this case and the Court is not persuaded that it "transcend[s] the litigants and involves a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *In re Am. Home Mortgage Inv. Corp.*, 408 B.R. 42, 44 (D. Del. 2009) (quoting 1 *Collier on Bankruptcy* 5.05[A] (15th ed. rev.)).

9. <u>Question of Law Requiring Resolution of Conflicting Decisions</u>. Appellant recognizes that "there are no conflicting decisions amongst the Circuit Courts regarding the scope of the exception set forth in *Friedman's*." (D.I. 6 at 14) Appellant, however, argues that "the Third Circuit noted in its opinion that '[d]istrict and bankruptcy courts are nearly equally

divided on the issue' of when a payment must be made by a debtor to defeat a new [value] defense." (*Id.* at 14–15) (quoting *In re Friedman's*, 738 F.3d at 553) These cases, however, do not detract from *Friedman's* binding authority within this Circuit, and thus do not justify direct certification under § 158(d)(2)(A)(ii). *See In re Goody's Family Clothing, Inc.*, 2009 WL 2355705, at *2.

10. <u>Material Advancement of this Case</u>. Appellant argues that certification will materially advance this case because, as argued before, this issue has arisen in sixteen other preference actions in Debtors' bankruptcy. (D.I. 6 at 16) Appellant contends that a direct certification will allow the Third Circuit to definitively rule on the requested expansion of the *Friedman's* exception. (*Id.*) However, there is nothing extraordinary or urgent about this situation that recommends departing from the standard appellate process. The matter is primed for briefing before this Court; whereas, the Third Circuit must first review and accept a certification request before the appeal can proceed in that Court. *See* 28 U.S.C. § 158(d)(2)(A); *In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011) (finding that without sufficient reason for direct appeal, process can actually lengthen rather than expedite appeal). The Court does not find that certification will materially advance this case.

11. <u>Conclusion</u>. For the reasons discussed, the Court will deny Trustee's Certification Motion. An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE